| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin<br>Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No.: 228756-5<br>Attorneys for Movant: Select Portfolio Servicing, Inc. as servicing agent for The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-11 | Order Filed on June 22, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Lori Brunson aka Lori Brunson-Tracey | Case No.: 19-16709-VFP<br>Chapter 13<br><br>Hearing Date: June 17, 2021<br>Time: 10:00 a.m.<br><br>Judge: Vincent F Papalia |

Recommended Local Form:    ☒ Followed    ☐ Modified

## ORDER GRANTING RELIEF FROM §362 AUTOMATIC STAY AS TO DEBTOR AND 11 U.S.C. § 1301(c) AS TO CO-DEBTOR STAY

The relief set forth on the following page, is hereby **ORDERED**

**DATED: June 22, 2021**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Upon the motion of Select Portfolio Servicing, Inc. as servicing agent for The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2006-11 under Bankruptcy Code section 362(a) for relief from the automatic stay pursuant to 11 U.S.C. §362, as to Debtor, Lori Brunson aka Lori Brunson-Tracey, and under 11 U.S.C. §1301(c) as to Co-Debtor, Hugh Tracey, as to certain property hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay is vacated to permit the Movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the Movant's rights in the following:

☒ Real property more fully described as:

**12 Arverne Rd, West Orange, NJ 07052-2602**

It is further ORDERED that Secured Creditor, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu of foreclosure. Additionally, any purchaser of the property at sheriff's sale (purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that Secured Creditor may join the Debtor(s) and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other Chapter of the Bankruptcy Code.

Secured Creditor shall serve this Order on the Debtor(s), any trustee, and any other party who entered an appearance on the motion.